798 F.2d 469
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rogelio GUAJARDO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 85-1987.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1986.
 
 1
 Before KRUPANSKY and BOGGS, Circuit Judges, and PORTER, Senior District Judge.*
 
 ORDER
 
 2
 Petitioner appeals the district court's order denying his motion to vacate sentence. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Petitioner was convicted by a jury of conspiracy to possess with intent to distribute and distribution of cocaine in violation of 21 U.S.C. Secs. 841(a)(1) and 846.
 
 
 4
 Petitioner's first contention is that his sentence should be vacated pursuant to 28 U.S.C. Sec. 2255 because a Michigan State Police Officer monitored and recorded, without a warrant, a conversation between the petitioner, his co-defendant and said police officer, who was wearing a body transmitter in violation of the search and seizure provisions of the Fourth Amendment. The evidence obtained was used against petitioner at his trial.
 
 
 5
 Petitioner's second issue in his informal brief is that he received ineffective assistance of counsel at the appeals stage of the proceedings. However, petitioner did not raise this issue in his 28 U.S.C. Sec. 2255 motion to vacate and therefore the district court did not address this issue. It is well established that this Court does not review matters de novo; therefore the issue of ineffective assistance will not be addressed.
 
 
 6
 Given the above factual scenario surrounding petitioner's claim, the district court correctly decided that such a warrantless search did not violate petitioner's Fourth Amendment rights. In On Lee v. United States, 343 U.S. 747 (1952), a case in which an undercover agent used a transmitter to record an incriminating conversation between himself and the defendant, the Court stated that:
 
 
 7
 The presence of a radio set is not sufficient to suggest more than the most attenuated analogy to wiretapping. Petitioner was talking confidentially and indiscreetly with one he trusted, and he was overheard. This was due to aid from a transmitter and receiver, to be sure, but with the same effect on his privacy as if agent Lee had been eavesdropping outside an open window. The use of bifocals, field glasses or the telescope to magnify the object of a witness' vision is not a forbidden search or seizure, even if they focus without his knowledge or consent upon what one supposes to be private indiscretions. It would be a dubious service to the genuine liberties protected by the Fourth Amendment to make them bedfellows with spurious liberties improvised by farfetched analogies which would liken eavesdropping on a conversation, with the connivance of one of the parties, to an unreasonable search or seizure. We find no violation of the Fourth Amendment here.
 
 
 8
 Id. at 753-754. The Court also specifically stated that no warrant is required when an agent unbeknown to the defendant, carries electronic equipment to record the defendant's words and the evidence so gathered is later offered into evidence. United States v. White, 401 U.S. 745, 749 (1971).
 
 
 9
 Petitioner further contends 18 U.S.C. Sec. 2510 prohibited the use of a miniature transmitter and microphone in transmitting his oral communication. However, this statute does not apply to petitioner's communication. United States v. Pui Kan Lam, 483 F.2d 1202, 1206 (2d Cir. 1973), cert. denied, 415 U.S. 984 (1974).
 
 
 10
 For these reasons, it is ORDERED that the district court's judgment be affirmed. " Sixth Circuit Rule 9(d)(3). The motion for appointment of counsel is also denied.
 
 
 
 *
 The Hon. David S. Porter, Senior U.S. District Judge for the Southern District of Ohio, sitting by designation